UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK ATWATER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01669-JMS-MG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Granting Petitioner's Motion to Conduct Discovery and Motion for Copies**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . ." In addition, the "party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6(b). Now before the Court are Petitioner Derek Atwater's two discovery related motions.

**I. Background**

Mr. Atwater was convicted by jury of drug offenses. He filed this § 2255 motion alleging his Sixth Amendment right to counsel was violated. He raises four grounds for relief.

First, he asserts that his counsel failed to timely file a motion to suppress evidence collected on November 17, 2017. Dkt. 1 at p. 4.

Second, Mr. Atwater claims that his counsel should have played portions of a video deposition that would have shown a witness was lying when he stated that he sold methamphetamine to Mr. Atwater. *Id.* at p. 5 (citing FBI 302, Interview Statements).

Third, Mr. Atwater claims that counsel was ineffective on appeal because he was only held accountable for 25 days of the conspiracy and 13 transactions. However, on appeal, Mr. Atwater was presented as having been in the conspiracy for four to five months. Appellate counsel allegedly should have corrected this record. Dkt. 1 at pp. 7-8.

Relatedly, Mr. Atwater's final ground for relief claims that he should have received the buyer-seller relationship classification because the Seventh Circuit was misled to believe that Mr. Atwater was involved for four to five months. Dkt. 1 at p. 9.

## II. Motion to Produce Witness Statements and Documents

Mr. Atwater has filed a motion "pursuant to 28 U.S.C. § 753(f)" in which he requests production of a specific government witness's interview and video conference statements. He further requests a copy of the probable cause affidavit and search warrant used in the search of his home. These materials appear relevant to his grounds for relief.

As a preliminary matter, however, § 753 is the statute governing Court Reporters. The materials sought do not appear in the Court's record and there is no plausible basis to conclude that a Court Reporter appointed to the Southern District of Indiana was involved in the investigation of this criminal action. § 753(a). Accordingly, this motion is better understood as a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

As so understood, the motion to serve a Request for Production of Documents on the United States, dkt [6], is **granted.** Mr. Atwater may serve his request and the United States is directed to respond.

### III. Motion for Copies

Mr. Atwater seeks a copy of the following documents which are available in the Court's record:

Crim. Dkt. 58 (Notification)

Crim. Dkt. 447 (Arrest Warrant)

Crim. Dkt. 726 (Exhibit List)

Crim. Dkt. 796 (Exhibit List)

Although submitted as a motion for production of documents, this motion is really just a copy request. As so understood, the motion, dkt [8], is **granted.** The **clerk is directed** to include the documents available at docket numbers 58, 447, 726, and 796 in *United States v. Atwater,* 1:17-cr-222-JMS-TAB, along with Mr. Atwater's copy of this Order.

### IV. Pending Motions in Closed Criminal Case

Mr. Atwater filed his two discovery related motions in both his pending civil case and his closed criminal case. Having resolved these motions in this civil case, the **clerk is directed** to docket a copy of this order in *United States v. Atwater,* 1:17-cr-222-JMS-TAB-06, and to terminate the motions at docket numbers 1518 and 1520.

**SO ORDERED.**

Date: 11/22/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK ATWATER
16024-028
PEKIN - FCI
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov